Case 4:25-cv-04536   Document 4   Filed on 09/26/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 26, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR ADALBERTO RIVERA-HENRIQUEZ, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-04536 |
| RANDY TATE, *et al.*, | § § § | |
| Respondents. | § § | |

### TEMPORARY RESTRAINING ORDER

The petitioner, Oscar Adelberto Rivera-Henriquez, is a detainee in the custody of United States Immigrations and Customs Enforcement. He has filed a petition for a writ of habeas corpus and a motion for a temporary restraining order prohibiting his removal from the United States.

**A.     Background**

The facts asserted below are taken from the petitioner's motion. The petitioner is a citizen of El Salvador. He fled El Salvador under fear of persecution and threats of violence by the government of El Salvador. He entered the United States in or near Rio Grande City, Texas on or about September 8, 2021, without first being admitted or paroled. He filed an Application for Asylum and for Withholding of Removal on November 20, 2023.

On August 20, 2025, the petitioner appeared before an Immigration Judge. His claim for asylum was denied and he was ordered removed to El Salvador. On September 4, 2025, he filed a timely Notice of Appeal. His appeal remains pending. Because the appeal was timely filed and remains pending, the Immigration Judge's order is not final. 8 C.F.R. §1003.6.

Petitioner has no criminal history and has continued to check in regularly for scheduled appointments with ICE. The petitioner was taken into custody when he appeared for such an appointment and now fears imminent removal.

## I.     Legal Standards

There are four prerequisites for the extraordinary relief of a temporary restraining order. A court may grant this relief only when the movant establishes that: (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the respondent; and (4) the granting of the order will not disserve the public interest. *Clark v. Prichard,* 812 F.2d 991, 993 (5th Cir.1987) (citing *Canal Auth. of the State of Florida v. Callaway,* 489 F.2d 567, 572 (5th Cir.1974) (en banc)). The party seeking injunctive relief must prove each of the four elements before a preliminary injunction can be granted. *Mississippi Power & Light Co. v. United Gas Pipeline,* 760 F.2d 618, 621 (5th Cir.1985); *Clark,* 812 F.2d at 993.

## II.     Analysis

### A.     Likelihood of Success on the Merits

The petitioner asserts facts showing that he is not under a final removal order and that his detention is therefore unlawful. 8 C.F.R. §1003.6; *Zadvydas v. Davis*, 533 U.S. 678 (2001). He therefore demonstrates a likelihood of success on the merits of her petition.

### B.     Irreparable Harm

Petitioner contends that he faces imminent removal to El Salvador where he would be subject to possible imprisonment, torture, or death. If removed to a third country, petitioner would

be forced to fend for himself in a country where he has no citizenship or contacts. Petitioner demonstrates that he will suffer irreparable harm in the absence of relief.

### C. Relative Injury

As noted above, the petitioner suffers grave and irreparable harm if he is removed from the United States. This harm includes possible political persecution and separation from his family. Maintaining the status quo pending resolution of the petitioner's request for a preliminary injunction, however, causes only *de minimis*, if any, injury, to the respondents. This factor lands in favor of the petitioner.

### D. Public Interest

Maintaining the status quo to allow for full and fair adjudication of the petitioner's claims serves the public interest. If the Court ultimately determines that the petitioner is subject to removal, the government can carry out that removal at a later date. There is no reason to believe that the petitioner's continued presence in the United States poses any risk to the public or to the security or safety of the United States.

### E. Conclusion

All four factors weigh in favor of granting temporary injunctive relief.

### F. Notice and Security

The Court takes judicial notice of the fact that the government has, in recent memory, removed and attempted to remove detainees from the United States during the pendency of their judicial proceedings. The risk of petitioner's imminent removal mooting these proceedings necessitates waiving notice to the respondents prior to the issuance of this order.

The petitioner also demonstrates that he is indigent. The Court therefore waives any requirement that he post security.

### III. <u>Order</u>

It is hereby ORDERED as follows:

1. The respondents, their agents, employees, and successors are restrained and enjoined from removing the petitioner from the United States while this order remains in effect; and

2. The respondents shall notify all relevant personnel that the petitioner is not to be removed while this order remains in effect.

The Court will schedule a hearing on the petitioner's request for a preliminary injunction by separate order.

This temporary restraining order is entered on September 26, 2025 at 11;29 A.M. and will expire 14 days therefrom unless dissolved earlier or extended by court order.

It is so ORDERED.

SIGNED on September 26, 2025, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge